**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                  Case No. 8:15-bk-12857-MGW
                                                                                        Chapter 13
PAMELA LYNN FROST
Debtor(s)[1]
_____/

**TRUSTEE'S MOTION TO DISMISS FOR**
**DEBTOR'S FAILURE TO COMPLY WITH A MATERIAL**
**TERM IN THE ORDER CONFIRMING PLAN (Doc. No. 43)**

> Notice of Opportunity to
> Object and Request for Hearing
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 and serve a copy on the movant, Kelly Remick, Chapter 13 Standing Trustee at P.O. Box 6099, Sun City Center, Florida 33571-6099, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Kelly Remick, Chapter 13 Standing Trustee, by and through her undersigned attorney, hereby moves for the entry of an order dismissing the above styled Chapter 13 case, and in support thereof would state as follows:

1. The Court entered an Order Confirming Plan (Doc. No. 43) on January 30,

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

2017.

2.  The Order Confirming Plan provides that the Debtor shall turn over to the Trustee all tax refunds for the duration of the Chapter 13 Plan.

3.  The Trustee requested in writing the funds due in the amount of $12,444.00 which represents the Debtor's 2016 tax refund, and $24,339.00 which represents the Debtor's 2017 tax refund, based on the terms of the Debtor's Order Confirming Plan.

4.  The Order Confirming Plan further provided, in part, on page 7, paragraph, No. 30 as follows:

> "In addition to the periodic Plan payments, the Debtor shall also pay to the Chapter 13 Trustee a sum, to be determined by the Court, derived from any net proceeds which the Debtor may receive from the sale, refinance or any other transfer of the Debtor's non-homestead real estate, as disclosed to the Trustee at the meeting of creditors, in whatever form. The Debtor shall advise the Trustee as to the status of the non-homestead real estate on a semi-annual basis throughout the life of the Plan and shall promptly account for all proceeds received there from. The non-homestead real estate owned by the Debtor and any equity associated with the non-homestead real estate shall remain property of the bankruptcy estate, and the Debtor shall be required to seek court approval prior to any sale, refinance or transfer of any interest in the property by any means."

5. The Trustee made a written request directed to the attorney, with a copy to the Debtor, for a complete copy of the status of non-homestead real estate, which request has been made a total of three (3) times, on May 15, 2018, June 18, 2018 and August 17, 2018.

6. The Debtor's failure to respond to the Trustee's request to provide the requested tax refunds and the information requested constitutes a material default by the Debtor with respect to a term of the confirmed plan.

7. The Debtor's Chapter 13 case may be dismissed pursuant to 11 U.S.C. § 1307 (c) (6) inasmuch as the Debtor has failed to comply with a material term of the Order Confirming Plan.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order dismissing this Chapter 13 case for the Debtor's failure to cooperate with the Trustee, and/or refusal or failure to turn over the tax refunds as required by the Order Confirming Plan, together with such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Motion to Dismiss was furnished electronically by CM/ECF and/or by First Class U.S. Mail

to Pamela Lynn Frost, 18702 Chopin Dr., Lutz, FL 33558; and to Shelly K. Hogue, Esq., LawyerASAP, LLP, 150 North Orange Avenue, Ste. 414, Orlando, FL 32801 this 5th day of October, 208.

/s/ Mara B. Mandell, Esquire
MARA B. MANDELL, ESQUIRE
Post Office Box 6099
Sun City Center, Florida 33571-6099
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0856185
Attorney for the Trustee

KR/MBM/tm